## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| v. | * | Criminal Action No. RDB-09-0630 |
| MATTHEW ALLEN SKILLMAN, | * | |
| *Defendant.* | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## <u>MEMORANDUM ORDER</u>

On May 21, 2010, Defendant Matthew Allen Skillman ("Defendant" or "Mr. Skillman") pleaded guilty to one Count of transportation of child pornography, in violation of 18 U.S.C. § 2252A(a)(1). (ECF No. 1; ECF No. 13.) By agreement of the parties, his conviction explicitly excluded any language suggesting that he distributed child pornography as contemplated by statute. (ECF No. 13; ECF No. 27 at 5:9–11, 6:13–16.) On September 30, 2010, this Court sentenced Mr. Skillman to 60 months' imprisonment followed by a period of supervised release, including a condition that he register as a sex offender. (ECF No. 27 at 31; ECF No. 20.) Mr. Skillman completed his term of imprisonment on May 20, 2014, and was discharged from supervision on May 19, 2019. (ECF No. 54 at 2.)

Presently pending in this case is Mr. Skillman's Motion to Terminate Duty to Register (ECF No. 54) ("Mr. Skillman's Motion"). In his Motion, Mr. Skillman seeks to reduce his registration period from 15 years to 10 years, pursuant to Section 20915(b) of the Sex Offender Registration and Notification Act, 34 U.S.C. §§ 20911 *et seq.* ("SORNA"). The Government has responded in Opposition (ECF No. 56). The parties' submissions have been reviewed,

1

and no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2025). For the reasons set forth below, Mr. Skillman's Motion (ECF No. 54) is DENIED.

Under SORNA, Mr. Skillman is a Tier I offender, meaning that he must register as a sex offender for fifteen (15) years, but his registration period may be reduced to 10 years if he meets the criteria for a "clean record." (ECF No. 54 at 1.) SORNA's "clean record" criteria include: (A) not being convicted of any offense for which imprisonment of more than 1 year may be imposed; (B) not being convicted of any sex offense; (C) successfully completing any periods of supervised release, probation, and parole; and (D) successfully completing an appropriate sex offender treatment program certified by a jurisdiction or by the Attorney General. 34 U.S.C. § 20915(b). Mr. Skillman argues that he has met these criteria. Specifically, he contends that his 2017 charge in Montgomery County, Maryland, for failing to register resulted in a probation before judgment ("PBJ"). (ECF No. 54 at 5.) He argues that, under Maryland law, a PBJ is not a conviction. (*Id.* (citing MD. CODE ANN., CRIM. PROC. § 6-220(b), (i)(3)).) That case has since been expunged and, Mr. Skillman argues, does not count as a conviction for purposes of SORNA's "clean record" reduction. (*Id.* at 6.) He now resides in Vermont. The Government has filed its opposition to the requested relief on the bases that this Court lacks jurisdiction, venue is improper, and Mr. Skillman's 2017 PBJ renders him ineligible for relief under SORNA's "clean record" provision. *See generally* (ECF No. 56).

Although this Court has jurisdiction and venue is proper,[1] Mr. Skillman's 2017 PBJ in Maryland likely constitutes a conviction that renders him unable to demonstrate a "clean

---

[1] Most courts to have considered motions to reduce federal registration duration under SORNA have found jurisdiction. *See United States v. Stovall*, 2021 WL 5086067, at *1–2 (D. Colo. Nov. 2, 2021); *United States v. Davenport*, 2022 WL 4547652, at *1 (D. Mont. Sep. 29, 2022); *United States v. Kite*, 2023 WL 1956687, at *1 (W.D.

record" under SORNA § 20915(b)(1).  As noted above, Tier I offenders may qualify to reduce their registration period under SORNA if they can demonstrate satisfaction of the "clean record" criteria, including a showing that they have "not being convicted of any offense for which imprisonment of more than 1 year may be imposed[.]"  34 U.S.C. § 20915(b)(1)(A).  In Maryland, failure to register is punishable by 3–5 years' imprisonment.  MD. CODE ANN., CRIM. PROC. § 11-721(b).  The crux of the parties' dispute in this case, therefore, is whether a probation before judgment in Maryland state court constitutes a "conviction" for the purposes of SORNA § 20915(b)(1)(A).

Although the parties have not cited—and this Court has not located—any cases that have squarely addressed this issue, the United States Court of Appeals for the Fourth Circuit has consistently held that a probation before judgment constitutes a conviction in other contexts.  *Feyijinmi v. Cent. Collection Unit*, 105 F.4th 662, 669 (4th Cir. 2024) (bankruptcy); *United States v. Medina*, 718 F.3d 364, 367 (4th Cir. 2013) (sentencing); *Yanez-Popp v. United States*

---

Va. Jan. 13, 2023) (granting relief without raising jurisdiction); *United States v. Zweibel*, 2023 WL 2480052, at *1–2 (D. Utah Mar. 13, 2023); *United States v. Dubin*, 2023 WL 3261578, at *2 (E.D. Mich. May 4, 2023); *United States v. Brown*, 2024 WL 127991, at *1 (D. Utah Jan. 11, 2024); *United States v. Martin*, 2025 WL 3068737, at *4 (E.D. Wash. Nov. 3, 2025); *United States v. Templin*, 354 F. Supp. 3d 1181, 1182–83 (D. Mont. 2019) (granting relief without addressing jurisdiction).  *But see United States v. McGrath*, 2017 WL 6349046 (M.D. La. Dec. 12, 2017) (denying motion on basis that court cannot alter state registration requirements).  In this case, this Court sentenced Mr. Skillman and, consistent with the above cases, retains jurisdiction to reduce the federal registration requirement under SORNA.  As most courts have noted, however, any relief granted would *not* extend to obligations to register pursuant to state statutes.

Separately, although the Government asserts that venue is improper, it cites no law to support this argument, *see* (ECF No. 56 at 9–10), and this Court has located no cases addressing venue in the context of a request for reduction of registration duration under SORNA by a defendant who has completed supervised release.  The sole case that mentions venue as to SORNA registration concluded that the defendant—who filed as a civil plaintiff asserting a right to have his registration period reduced under SORNA—lacked a cause of action, and thus the court did not address the Government's argument that state court was the proper venue.  *Wiggins v. United States*, 2019 WL 5079557 (S.D. Ind. Oct. 10, 2019).  Although the Federal Rules of Criminal Procedure do not squarely address venue for supervised release, they authorize transfer of proceedings to revoke or modify supervised release based on jurisdiction.  *See* Fed. R. Crim. P. 32(a).

*INS*, 998 F.2d 231, 234–35 (4th Cir. 1993) (immigration).  In each of those cases, the Fourth Circuit premised its holding on the relevant federal statute's definition of "conviction," but SORNA does not define "conviction" in the context of its clean record provision.[2] Significantly, however, the Fourth Circuit has explicitly concluded that it is not relevant whether Maryland law considers a PBJ a conviction or whether a conviction has been expunged because federal law governs the definition of conviction under a federal statute.  *See Feyijinmi*, 105 F.4th at 669 (citing *Dickerson v. New Banner Inst., Inc.*, 460 U.S. 103, 114–15 (1983) *superseded by statute*, Firearms Owners' Protect Act, Pub. L. No. 99-308, 100 Stat. 449).  Applying these consistent holdings to SORNA, Mr. Skillman's 2017 probation before judgment in Maryland state court constitutes a conviction within the meaning of 34 U.S.C. § 20915(b)(1)(A) such that he has not satisfied the "clean record" criteria and is not eligible to reduce his registration period.

## CONCLUSION

For the reasons stated above, it is this 24th day of February 2026 hereby ORDERED that Defendant's Motion to Terminate Duty to Register (ECF No. 54) is DENIED.

/s/
_____
Richard D. Bennett
United States Senior District Judge

---

[2]  SORNA defines "convicted" only when it is "used with respect to a sex offense" as to juvenile convictions, 34 U.S.C. § 20911(8), and "conviction" only as to when a foreign conviction may or may not constitute a sex offense, *id.* § 20911(5)(B).